19-2452-cv
*James v. City of Albany, et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           REENA RAGGI,
           DENNY CHIN,
                      *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STEVEN JAMES,
                      *Plaintiff-Appellant,*


           -v-                                        19-2452-cv

CITY OF ALBANY, JASON R. VOGEL,
DETECTIVE,
                      *Defendants-Appellees.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:     Steven James, *pro se*, Dannemora, New York.

FOR DEFENDANTS-APPELLEES:     Abigail W. Rehfuss, The Rehfuss Law Firm, P.C., Latham, New York.

Appeal from the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Steven James, *pro se*, appeals the district court's judgment entered July 30, 2019 in favor of defendants-appellees the City of Albany and Albany Police Department Detective Jason Vogel ("defendants"), and dismissing James's claims. James alleged that defendants had, among other things, subjected him to false arrest, malicious prosecution, and deprivation of a fair trial.[1] The district court held a two-day trial, and, after James rested, the district court granted defendants' Federal Rule of Civil Procedure 50(a) motion for judgment as a matter of law. Ruling from the bench, the district court concluded as a matter of law that James failed to show that defendants (1) deprived him of his liberty, (2) lacked probable cause to arrest him, or (3) fabricated evidence. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

---

[1]     James also claimed below that defendants violated his due process rights and subjected him to cruel and unusual punishment, but he did not raise these claims on appeal, and so we do not address them. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

We review the grant of a Rule 50(a) motion *de novo*, applying the same standard as the district court. *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013). "Rule 50(a) permits a district court to enter judgment as a matter of law against a party on an issue where there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004) (internal quotation marks omitted).

We have reviewed the record and relevant case law, and substantially for the reasons set forth by the district court in its ruling from the bench, we conclude that the district court correctly granted defendants' motion for judgment as a matter of law. As the district court found, James was already incarcerated (on unrelated charges) when he was arrested and prosecuted by defendants. Thus, absent more, he could not show that the challenged arrest and prosecution caused a loss of liberty. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 116 (2d Cir.1995) (plaintiff must "show some deprivation of liberty consistent with the concept of 'seizure'"). Moreover, and in any event, the district court properly concluded as a matter of law that defendants had probable cause to arrest James because his DNA matched blood taken from the victim's car and he was approximately the same height as the assailant. *See United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983). The district court also correctly concluded that James failed to establish that defendants lacked probable cause to prosecute him, as he was (1) indicted by a grand jury and (2) did not present any evidence that his indictment was procured

3

by fraud or any other bad-faith conduct.  *See Savino v. City of New York*, 331 F.3d 63, 72-

73 (2d Cir. 2003).

*    *    *

We have considered James's remaining arguments and conclude they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk